Note —See under (1) 4 C. J. p. 885, §2855; p. 887, §2857; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 1202. (2) 4 C. J. p. 835, §2817; 29 Cyc p. 886; 20 R. C. L. p. 292; 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. p. 1351; 5 R. C L. Supp.p. 1096; 6 R. C. L. Supp. p. 1202.

---

**BLUMENFELD et al. v. MANN.**

No. 16791. Opinion Filed June 28, 1927.

Rehearing Denied Aug. 2, 1927.

(Syllabus.)

1. **Appeal and Error—Harmless Error—Variance.**

Though there be a variance between the allegations of an answer and the facts proved on the trial without objection, yet if it be a case where an amendment of the answer ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance.

2. **Appeal and Error—Conclusiveness of Verict on Conflicting Evidence.**

Though the evidence be conflicting, if there is evidence reasonably tending to support the verdict of a jury, a judgment based on such verdict will not be disturbed.

3. **Appeal and Error—Harmless Error—Rulings on Pleadings.**

Where a motion to require the plaintiff's petition be made more definite and certain is overruled, and it affirmatively appears from the record that the defendant was not prejudiced thereby, the ruling of the lower court will not be disturbed.

4. **Evidence—Computations by Attorneys Inadmissible Where Parties Testify Fully as to Amounts Paid as Usurious Interest.**

In an action involving the question of the

amount of interest claimed to have been paid upon a usurious contract for the loan of money, and where the parties claiming to have paid such usurious interest testify fully as to the amounts paid and the dates of such payments, evidence in the way of a computation, made by the attorneys for such parties, and based on the payments, as testified to by such parties, is inadmissible.

**5. Trial—Refusal of Instructions Where Covered in Charge.**

It is not error to refuse instructions offered by a defendant, where the instructions given by the court cover the same matters contained in the instructions offered.

**6. Appeal and Error—Harmless Error—Refusal of Instructions—Usury.**

Where a defendant is sued on a series of promissory notes, which he claims arose out of a usurious contract for the loan of money made in New York between himself and plaintiff, who were residents of that state, and performable there, and the laws of that state render such contract void and forfeit the entire debt, and the jury, under instructions given on the theory that such contract, if so entered into, would be void, finds generally for the plaintiff, there inheres in such verdict a finding that no usurious contract was entered into, and error, if any, in refusal to instruct the jury on the right of defendant to recover double the amount of interest claimed to have been charged is harmless.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by Leon Mann against Martin Blumenfeld and Mayer Y. Blumenfeld. Judgment for plaintiff, and defendants bring error. Affirmed.

Louis W. Pratt and J. M. Springer, for plaintiffs in error.

Hulette F. Aby, William F. Tucker, and Frank Settle, for defendant in error.

DIFFENDAFFER, C. This is an action on a series of 12 promissory notes, brought by defendant in error against plaintiffs in error, and the petition is in the ordinary and usual form. The parties will be designated herein as in the court below. Plaintiff alleges in the petition that the notes were executed and payable in the state of Missouri. Defendants answer, and for a defense to said notes allege that the transaction out of which these notes arose was one between plaintiff and defendants in the state of New York, and allege that defendants entered into an agreement with plaintiff for the loan of the sum of $4,600, plaintiff charging defendants at the rate

126—3

of two and one-half per cent. per month; that the original contract was usurious, and that these notes were given in renewal of a balance due on the original transaction; that in the original transaction defendants gave the plaintiff three notes executed by friends of theirs, and endorsed by defendants to the plaintiff, and alleging that in the aggregate defendants had paid the sum of $1,671 interest on the indebtedness. Defendants plead the statute of New York, which provides that all bonds, bills, notes, etc., whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, a greater sum or rate of interest than six per cent. per annum, shall be void.

Defendants further plead a set-off or counterclaim in the sum of $3,342, being double the amount of interest claimed by them to have been paid. Plaintiff replied in the way of a general denial, and further alleged, as follows:

"Plaintiff alleges the facts to be that the plaintiff's claim against the defendants, as set out in his petition filed herein, arose, originally, out of a transaction between the plaintiff and the defendant, Martin Blumenfeld, whereby the said defendant sold and conveyed for full value paid by the plaintiff and received by the said defendant 3 certain negotiable promissory notes; that it afterwards developed that the said notes were forgeries, and the plaintiff was unable to collect the same from the parties whose names appear as makers thereon; that the defendant, Martin Blumenfeld, thereupon absconded from the jurisdiction of the state of New York, where said forged notes were executed and sold to this plaintiff; and thereafter said defendant informed this plaintiff that he desired to pay the notes and did execute a series of notes, in lieu thereof, some of which have heretofore been paid, the balance of which constitute plaintiff's cause of action, as set out in his petition herein, and that the plaintiff paid the said defendants full value for all of said notes, and that he never, at any time, charged, collected or reserved usurious interest from the defendants, or either of them."

Upon the issues thus joined, the cause was tried to a jury resulting in the verdict and judgment for plaintiff from which defendants prosecute this appeal.

The defendants, in their brief, set out eight propositions, upon which they present their contentions that the judgment of the lower court should be reversed. These propositions will be considered in their order.

The first is, that plaintiff's defense to the defendants' charge of usury, as supported by the deposition of plaintiff, Morris Koppelman, is a complete departure from, and at variance with, the issue raised by the defendants' amended answer, and the plaintiff's reply thereto.

The point here raised is that defendants in their amended answer pleaded that the original transaction, out of which the notes in suit arose, was an agreement between the plaintiff and defendants for the loan of money in the state of New York, plaintiff agreeing to lend defendants the sum of $4,600 for a period of 90 days, upon condition that defendants pay the plaintiff the said loan, interest at the rate of 2½ per cent. per month, and that plaintiff at the time deducted from the amount so agreed to be loaned the sum of $345 and that from time to time they paid plaintiff various sums on the principal, and as interest, total amount of interest thus paid being $1,671; and that plaintiff, in his reply, after specifically denying that he had reserved, charged, collected, or received from defendants usurious interest in any sum, alleged the facts to be:

"That the plaintiff's claim against the defendants, as set out in his petition filed herein, arose, originally, out of a transaction between the plaintiff and the defendant, Martin Blumenfeld, whereby the said defendant sold and conveyed for full value paid by the plaintiff and received by the said defendant, three certain negotiable promissory notes."

Defendants complain that plaintiff was allowed over their objection to introduce evidence to the effect that the original transaction was one where one Morris Koppelman had bought the three original notes from the defendants, and that he, Koppelman, had afterwards sold same to the plaintiff.

The variance seems material, for the reason that if defendants obtained the original loan from Koppelman, and if they merely sold him the three notes at a discount, and he afterwards sold them to plaintiff, the plaintiff would not be held responsible for the usury, if any, involved in the original transaction.

It is contended by defendants that if the original transaction was between plaintiff and defendants for the loan of money, and a greater rate of interest than 6 per cent. per annum was charged therefor, either by way of deducting same from the face of the note, or by payment thereof in cash by the defendants, the contract was void under the law of the state of New York, where both parties at that time lived, and where the alleged contract was consummated, and that any notes taken in renewal of the original contract would likewise be void. Defendants plead the statutes of New York and also cite the case of Hanauer v. Smith, 196 App. Div. (N. Y.) 29, which togetherc with the case therein cited supports their contention. In the case of Hanauer v. Smith, supra, it was said:

"A sale of accommodation paper is treated as a loan of money, the purchaser being the lender and the seller the borrower. This has been frequently held, the last words of the Court of Appeals on the subject being in Strickland v. Henry, supra, where the court said: 'This action was brought on a promissory note for $175 made by William Henry to the order of Tony Rheims, who thereafter, and before maturity, indorsed it and delivered it to plaintiff, receiving therefor $157.50. The answer set up usury, the claim of defendant and Rheims being that the note had no legal inception prior to its delivery to plaintiff, inasmuch as it had been made by defendant solely for the accommodation of Rheims. If such were the fact the transaction between Rheims and plaintiff amounted in law to a discount of an accommodation note at a greater discount than 6%, for the sale of accommodation paper is treated as a loan of money, the purchaser being the lender and the seller the borrower."

If, however, the three notes in question were sold by defendants to Koppelman, and Koppelman retained usurious interest and afterwards sold the notes to plaintiff, then, although the transaction between defendants and Koppelman were void, the notes in the hands of plaintiff would be valid.

As to this being a fatal variance between the pleadings and the proof, and a departure from the allegations of plaintiff's reply, defendants cite Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1118, where the following question from 22 Pl. & Pr. 527, is adopted as the first syllabus:

"It is a general rule, in actions at law, that, in order to enable plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the onus probandi must not vary from what he had previously alleged in his pleadings; and this is not a mere arbitrary rule, but is one founded on good sense and good law."

In that case this court used the following language:

"It being error for the court to instruct the jury upon an issue not raised by the pleadings, it logically follows that it is error to admit testimony in support of facts not put in issue by the pleadings."

It also quotes the following, with approval, in the case of Chicago, R. I. & P. Ry. Co. v. Spears, 31 Okla. 469, 122 Pac. 228:

"An instruction upon a material issue, not raised by the pleadings, when excepted to, is reversible error. (a) Evidence predicated upon such issue, not raised, introduced over objection, on the ground that the same was incompetent, because no such issue had been joined, and the pleadings not having been amended to raise such issue, is improperly admitted."

Conceding the admissions of this evidence to be erroneous, we are cited by plaintiff to the record to show that no proper objections to its admissions were made and no exceptions saved by defendants.

The whole of plaintiff's evidence is by depositions, and all that appears in this record on this phase of the case will be found in the deposition of plaintiff and the witness, Koppelman, and is as follows:

"Q. Mr. Mann, you are the plaintiff in this action? A. Yes, sir. Q. I show you this note, dated June 25, 1917, and ask you if that note was given to you? A. I purchased this note. Mr. Settle: There is an objection there by the attorney for the defendants, objection to the words 'I purchased this note.' The Court: Overruled. Q. From whom did you purchase this note? Mr. Settle.: Objection again—The Court: Overruled. A. From Mr. Morris Koppelman. Q. When did you get the note from Morris Koppelman, if you remember? A. In 1917, I don't recall the date. Q. What did you give Mr. Koppelman for the note? A. I gave him cash for the note. Q. Now I show you this note, dated May 31, 1917, and ask you who gave you that note? A. It was purchased by me from Mr. Koppelman. Mr. Settle: Objection to that; same as before. The Court: Overruled. Q. I show you this note, dated July 2, 1917, and ask you who gave you that note? A. I also purchased that note from Mr. Koppelman. Mr. Settle: They objected to that. The Court: Overruled. Q. Did you get all three notes from Mr. Koppelman? A. I did Q. And what did you give Mr. Koppelman for those notes? A. My check. Q. In the sum of how much? A. $3,985. Mr. Settle: The notes are offered in evidence. I call the jury's attention to these notes. They have heretofore been offered in evidence by the defendant. They have been identified as defendants' Exhibits '1,' '2' and '3' and are identified in the exhibits here as plaintiff's Exhibits '1,' '2,' and '3' They offer an objection to the introduction here, if the court please. The defendants' attorney in the deposition objected to these notes being introduced. They have already been introduced by the defendants. I suppose that objection— Mr. Springer: That is withdrawn. Q. Mr Mann, it is written on here the signature of Morris Koppelman. Will you describe his connection with these notes? A. Mr. Koppelman obtained these notes from Martin Blumenfeld and Brother, so that he could loan them money on it. Q. And then Mr. Koppelman sold the notes to you, is that right? A. Yes, sir. Q. Mr. Koppelman, I show you these notes marked plaintiff's Exhibits '1,' '2' and '3,' and ask if you have ever seen those notes before? A. Yes, I saw them all right. Mr. Settle: Those are those first three notes signed by other parties? A. Yes, I saw them, all right. Q. Under what circumstances did you see those notes? A. I purchased these notes from Martin Blumenfeld. He told me that he received those notes in payment for clothing that he shipped to his customers. The amount of these notes was $3,985 I paid him for these notes $3,637.30, which check he certified and got the money for. Q. Then what did you do with these notes? A. Then I sold these notes to Mr. Leon Mann. Q. Did he, Mr. Mann, give you anything for these notes? A. He gave me his check for $3,985 in payment of these notes."

In the case of Fender, Adm'r, et al. v. Segro et al., 41 Okla. 318, 137 Pac. 103, wherein the court had under consideration the question of the sufficiency of an objection to the admissibility of the evidence, under the provision of section 5070, Rev. Laws 1910 (sec. 609, C. O. S. 1921), it was held:

"It would be doing violence to the language of the act and would be a grave injustice to trial courts and opposing counsel to permit an attorney to simply object and afterwards on appeal elaborate upon the grounds of his objection. If there be reason for an objection, it should be stated at the time the objection is made; at least the very liberal requirement of the statute must be observed. before error in the admission of testimony can be urged on appeal."

And in Bishop-Babcock-Becker Co. v. Estes Drug Co. et al., 63 Okla. 117, 163 Pac. 276, it was held:

"Simply objecting to the admissibility of evidence, without assigning the statutory grounds named in section 5070, Rev. Laws 1910, or any other grounds of objection. is not such an objection as will cause this court to review the action of the trial court in overruling the purported objections."

It will be seen that no objection was

made to the introduction of this evidence such as would cause this court to review the actions of the trial court in admitting it. There being no objection to the introduction of this evidence, and no exceptions saved by defendant, and the case being one where an amendment of the pleadings, to conform to the facts proved, could well have been allowed, the judgment will not be reversed on account of such variance. Love v. Kirkbride Drilling & Oil Co., 37 Okla. 804, 129 Pac. 858; Sims et al. v. Central State Bank, 56 Okla. 129, 155 Pac. 878.

The second proposition is that there is no evidence to support the verdict.

We have carefully examined the record, and it appears therefrom that there is ample evidence to support the verdict and the judgment. It is true that there is some conflict in the evidence, but the rule is well established in this state, that where the evidence is conflicting, and there is evidence reasonably tending to support the verdict, this court will not disturb the verdict.

The third proposition is that the trial court erred in overruling defendants' motion to require the plaintiff to make his petition more definite and certain by setting out when certain of the notes sued on were endorsed and delivered to Morris Koppelman, and when plaintiff became the owner of same by endorsement from said Koppelman.

It was the contention of defendants that all their dealings, with reference to these notes, and original transaction, out of which they arose, were with plaintiff, Leon Mann, and the fact that certain of the notes had at the same time been endorsed by plaintiff to Koppelman, and then by Koppelman back to the plaintiff, could not affect defendants' right. It does not appear how defendants could have been helped by knowing these dates, or how they could have been prejudiced by not knowing them.

Defendants have cited no authorities in support of this contention. Plaintiff cites the case of Chicago, R. I. & P. Ry. Co. v. Logan, Snow & Co., 23 Okla. 707, 105 Pac. 343, holding:

"A motion to require the plaintiffs' petition to be made more definite and certain being overruled, it affirmatively appearing from the record that the defendant was not prejudiced thereby, the ruling of the lower court thereon will not be disturbed"

—which is in point in this case. The ruling of the trial court on this motion was not error.

Plaintiffs in error's fourth proposition is that the trial court erred in admitting hearsay evidence tending to show that the original notes, for which the notes in action were given as renewal, were forgeries. The record discloses the same absence of objection to this evidence, as to that heretofore referred to; the record being cited by defendants as follows:

"Q. Did you attempt to collect from the makers of these notes? A. Yes. They refused to pay them because they said they were forged. Mr. Gazzam: I move to strike that out— Mr. Settle: The defendant objected to that. The Court: Overruled. A. My recollection is that I received letters from them at that time. Mr. Settle: He objected to that, too. The Court: Overruled."

Defendants complain in their brief that the trial court overruled their objections without waiting for a statement of grounds of their objections, but counsel made no effort to get the grounds of the objections in the record at the time. So, there being no sufficient objections, this court will not review the ruling of the trial court on this point.

The sixth proposition is that the trial court erred in excluding computation of the amounts paid on the indebtedness, made by their attorneys for the purpose, as claimed, of showing the amount of interest paid and the amount paid on the principal, so as to show thereby the amount of interest they had paid, which they claimed, was usurious. The trial court held that this matter of computation was one for the jury, the defendants having testified to the various amounts paid and the dates of payment. In this, I think the trial court was correct, and that there was no error in excluding this computation.

The seventh proposition is that the court erred in refusing instructions Nos. 2 and 3 offered by defendants. These two instructions, if given, would have been, in effect, to instruct the jury that it was unlawful to take, reserve, or charge a rate of interest in excess of 6 per cent. in the state of New York, where the original transaction was had, and that to do so would render the whole transaction void, under the laws of the state of New York, and that if it was found, from the evidence, that such was the case, the verdict should have been for defendant.

I think this proposition was covered by

the first part of instruction No. 3, given by the court. This instruction, while not in language as plain as might have been used. covered the question in such a way as to enable the jury to understand. It defines usury as to taking, receiving, reserving. or charging a greater rate of interest than is allowed by law; then charges that when a contract is originally usurious, the taint of usury attaches to all subsequent transactions in connection therewith. Then the court tells the jury:

"So if you find from the evidence that the plaintiff loaned to the defendants certain sums of money as claimed by the defendants in the three notes. as shown by defendants' Exhibits '1,' '2' and '3,' in evidence herein, and that plaintiff took, received. reserved, or charged at a greater rate of interest than 6 per cent., such transaction was usurious; and if you find that the notes sued on in this case, and set forth as exhibits to plaintiff's petition, represent the balance due plaintiff by the defendants. or by either defendant, then the notes sued on would be usurious and void."

The eighth proposition urged by defendants is that the court refused to give instructions Nos. 5 and 6 offered by them. These instructions are as follows:

"5. The jury is instructed that if you believe and find from a preponderance of the evidence that the plaintiff received, accepted, reserved or charged usury in the transaction with the defendants, then the defendants would be entitled to recover judgment against the plaintiff in double the amount of all interest which has been agreed to be paid thereon, including the amount of interest sought to be recovered upon the notes in suit. So you are instructed that you will ascertain the amount of usury, if any, received, reserved, accepted or charged. by the plaintiff in any one or all of the various transactions with the defendants, and if you ascertain that any amount of usury was received. reserved, accepted or charged, or agreed to be paid, then your verdict must be for the defendant in double that amount."

"6. In the event that you find for the defendants upon their cross-petition, you are instructed that after you have ascertained the amount thereof, in double the amount of interest agreed to be paid or charged against the defendants, you will then proceed to deduct the amount which you find was paid as principal upon the amount

loaned by the plaintiff to the defendants, and the balance of the principal which you find remains unpaid is the amount the plaintiff is entitled to recover against the plaintiff double the amount of interest received, reserved, charged, or paid, or demanded in this suit. You will offset the one against the other and find a verdict for the difference in favor of the one entitled to the greater amount."

Defendants cite no authority whatever on this proposition. Those two instructions were offered on the theory that if usury had been reserved, charged, or collected, defendants were entitled to recover back double the amount of interest reserved, agreed to be paid by, or charged against the defendants. The jury, having found in effect that no usury was so contracted for or charged, under the instructions given, upon the theory that if the original transaction was between plaintiff and defendants and usurious, and the notes in action represented a balance due on such transaction, then they would be void. The defendants relied on that theory to defeat the principal indebtedness, and the jury must have found that there was no usury, as between plaintiff and defendants. It follows that the error, if any, in refusing these instructions, was harmless, and defendants could not have been prejudiced thereby.

The trial court did not commit error in refusing these instructions as offered.

There being no reversible error at the trial, the judgment of the lower court should be affirmed.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 946, §2921; 2 R. C. L. p. 82; 1 R. C. L. Supp. p. 388; 4 R. C. L. Supp. p. 79. (2) 4 C. J. p. 859, §2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (3) 4 C J. p. 942, §2916; 2 R. C. L p. 244 et seq., 1 R. C. L. Supp. p. 472; 4 R. C. L. Supp. p. 97; 6 R. C. L. Supp 81. (4) 22 C. J. p. 499, §596; p. 559, §658. (5) 38 Cyc. p. 1711; 14 R. C. L. p. 751 et seq., 3 R. C. L. Supp. p. 275; 4 R. C. L. Supp. p. 916; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. p. 829. (6) 4 C. J. pp. 1051, 1052, §3034.