## BEASLEY v. SPARKS et al.

No. 21551. Opinion Filed March 28, 1933.

Roy Frye, for plaintiff in error.

W. A. Carlile, for defendants in error.

RILEY, C. J. This is an appeal from a judgment and decree in favor of defendants in error, defendants in the trial court, in an action brought upon a note and for foreclosure of a mortgage given to secure said note.

It appears that the note and mortgage were executed September 1, 1921, by J. E. Sparks and wife, who then owned the land, to Graves-Newman Investment Company, a corporation, of Pittsburg, Kan., and thereafter assigned to plaintiff. The note was for $1,100, due July 1, 1928. Defendant J. M. Talley became the owner of the land in December, 1925.

The interest on the note was payable semiannually, and it appears that all installments of interest were paid when due until about August, 1927, at which time the building on the land was destroyed by fire. The building was insured and the loss was adjusted and settlement had between the owner and the insurance company. The amount of loss agreed upon was $2,132.61. During the course of adjustment of the loss, the insurance company was advised of the mort-

gage lien in favor of Graves-Newman Investment Company, and in payment of the loss, issued its check or draft payable to defendant J. M. Talley and the Graves-Newman Investment Company. When the check or draft arrived, it was sent by Talley or the bank to Graves-Newman Investment Company for its indorsement. It appears that that company declined to indorse and return the check or draft unless Talley would rebuild the house or pay off and discharge the note and mortgage. Talley decided to pay the note. Thereupon the check was indorsed by the Graves-Newman Company and returned to the bank at Sallisaw, Okla. One thousand one hundred thirty-eight and 50/100 dollars of the proceeds was deposited to the credit of Graves-Newman Company, and the balance, $994.11, was deposited to the credit of defendant J. M. Talley. The amount credited to the Graves-Newman Company was the amount of the principal of the note and interest thereon to January 1, 1928. The note provided that the sum of $100, or any multiple thereof, might be paid by the maker at any interest-paying date.

On October 28, 1927, the Graves-Newman Investment Company wrote Talley advising him that the cashier's check for the $1,138.50, issued by the First National Bank of Sallisaw, "in payment of your loan and interest to January 1, 1928, has been refused and returned to us with information that the bank is closed."

It is the contention of plaintiff that Graves-Newman Company was the agent of defendant in the matter, while defendants contend it was the agent of plaintiff. The trial court found that the Graves-Newman Company was the agent of plaintiff in the collection of both the interest and principal, and entered judgment accordingly for the defendants, in effect, holding that the note had been paid in full.

The testimony of plaintiff was positive and direct that he had never authorized Graves-Newman Investment Company to collect either principal or interest for him, and that he was at all times in possession of the note, and also had always kept possession of the coupons until he received payment from Graves-Newman Investment Company. Plaintiff contends that when defendant paid Graves-Newman Investment Company without receiving the note and without that company having possession thereof, he did so at his peril.

In support of this contention plaintiff cites Chase v. Commerce Trust Co., 132 Okla. 245, 270 P. 73, and other cases holding to the same general effect. The rule is well established that "payment of a negotiable note before maturity to anyone other than the holder thereof or his duly authorized agent to receive such payment is at the risk of the payer." Green v. Strubel, 141 Okla. 207, 284 P. 895; Bale v. Wright, 120 Okla. 174, 252 P. 56.

But the question of agency, when made an issue in a case, is a question of fact to be determined either by the jury or by the court as a trier of fact, from all the facts and circumstances in evidence connected with the transaction, and like any other question of fact, may be proved by circumstantial evidence. Dandios v. Raines, 115 Okla. 88, 241 P. 1099; Catlin v. Reed, 141 Okla. 14, 283 P. 549; Walker v. Beveridge, 107 Okla. 147, 231 P. 217. All the facts and circumstances and the course of dealing by the parties may be considered in determining the question of agency.

The record discloses that the assignment of the mortgage by Graves-Newman Investment Company to plaintiff was not filed for record in Sequoyah county until February 14, 1929, more than seven months after the note became due. No notice whatever was given to defendants of the assignment, and there was nothing whatever to indicate to the defendant that the note and mortgage had been assigned until the time this action was commenced. The mortgage expressly required that the building on the premises should be insured for not less than $1,000, the policy to be made payable to the holder of the mortgage. When the building burned in August, 1927, and the loss subsequently paid, all the negotiations relative to paying the loss were had between defendant and Graves-Newman Investment Company. The check was made payable to defendant and the investment company. The investment company refused to indorse the check so as to enable defendant to collect for the loss unless defendant would agree to rebuild the building or pay the note in full. How it could be said that the investment company was acting as agent for the defendant in this particular matter, it is difficult to understand. If plaintiff was then the holder of the note and mortgage, which is a matter of grave doubt, it is fair to assume that the investment company informed him of the loss and was acting for him in requiring the defendant to rebuild the building or pay the note in full. The record discloses that plaintiff lived in Pittsburg, Kan., and was well

acquainted with the officers of the investment company, particularly Mr. Newman. That all interest payments were made by defendant to the investment company and in turn paid to plaintiff. When the note became due, plaintiff did not notify defendant and made no demand on him for payment. But he did go to the investment company, and he testifies that the investment company was trying to make the collection. It was certainly not acting for defendant in its effort to make collection. Incidentally the assignment of the note was not dated. The name of the assignee was not inserted therein. The assignment of the mortgage is not dated. The certificate of acknowledgment thereof is not dated, and, as pointed out heretofore, the assignment was not filed of record until February 14, 1929, four months after this action was commenced. When the investment company, in an effort to collect the installment of interest which fell due January 1, 1928, wrote defendant concerning same, it informed him that if he sent a check in payment thereof the coupon would be withheld until collection was made on the check, thus indicating that that company held the coupon. The principal note was introduced in evidence and this coupon had been detached.

With all these facts and circumstances before the court in evidence, we are not willing to say that the finding of the trial court was not sufficiently supported by the evidence, or that the findings were against the clear weight of the evidence.

The judgment is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.