## McDONALD v. BRUHN.

No. 30406. May 5, 1942.

Rehearing Denied June 9, 1942.

*126 P. 2d 986.*

A. R. Thompson, Paul J. Hunt, Shirk, Paul, Earnhart & Shirk, and Hall & Cotten, all of Oklahoma City, for plaintiff in error.

Tellegen & Miskovsky, of Oklahoma City, for defendants in error.

HURST, J. This action was brought by plaintiff Bruhn to recover damages from defendants McDonald and John Kenyon for conversion of an automobile. From a judgment on a verdict for plaintiff for actual and exemplary damages against both defendants, McDonald only appeals.

Plaintiff was the owner of a 1937 Master Chevrolet car which he had theretofore purchased from McDonald, a Chevrolet dealer, through Kenyon, who was a salesman for McDonald. On or about April 15, 1938, he delivered this car to Kenyon, who agreed to make a deal or deals with the car so as to procure a later model car for plaintiff. Plaintiff contends that Kenyon failed to perform such agreement, but that acting for McDonald he sold plaintiff's car and failed to procure the car he promised for plaintiff. McDonald contends that the transaction was a private deal between Kenyon and plaintiff, and that Kenyon was not acting within the scope of his authority, or as McDonald's agent, and that the whole transaction was carried on without his knowledge or consent.

McDonald on appeal makes three contentions: (1) That the trial court erred in overruling his motion to make plaintiff's petition more definite and certain; (2) that the trial court erred in submitting the cause to the jury; and (3) that the trial court erred in giving certain instructions. These contentions will be disposed of in the order stated.

1. The motion to make more definite and certain was directed to allegations in plaintiff's petition that McDonald represented that Kenyon was his agent with authority as alleged, and prior dealings with Kenyon as McDonald's agent which he alleged estopped McDonald to deny the agency. The petition sufficiently alleged that Kenyon was the agent of McDonald, and had authority to buy, trade, and sell used cars, and the evidence introduced by plaintiff to show Kenyon's authority was confined to such allegation, it being ad-

mitted by McDonald that Kenyon was employed by him as a salesman at the time the transaction with plaintiff was had. As plaintiff did not attempt to prove the allegations as to apparent authority, the ruling of the trial court on the motion, if erroneous, was harmless error, as McDonald was not prejudiced thereby. Blumenfeld v. Mann, 126 Okla. 64, 258 P. 918; Johnson v. Harris, 187 Okla. 239, 102 P. 2d 940.

2. The evidence of plaintiff was that Kenyon approached him and represented that by making a deal through a factory representative with whom McDonald dealt he could obtain for plaintiff a 1938 car which had ben used as a demonstrator for his old car and $100; that relying on Kenyon's representations, and believing that Kenyon was acting for McDonald, he turned his car over to Kenyon; that Kenyon took the car to McDonald's place of business, where it was displayed for sale; that Kenyon and another salesman of McDonald traded his car for an old model car which plaintiff refused to accept, and that thereafter various agents of McDonald, including the manager of the used car department, approached him and tried to induce him to accept other cars which had been taken in by McDonald, but which he refused. Plaintiff testified that he tried to see McDonald, and was unable to do so, but that he made complaint to McDonald's salesmen about the matter. He admitted that when he refused to accept the old model car for which his car was traded, Kenyon told him that if he complained to McDonald, he, Kenyon, would lose his job, and that he did not then make any complaint, Kenyon assuring him that the deal for the 1938 demonstrator would be made. Such deal was never made, and plaintiff received nothing in return for his car.

The evidence on behalf of McDonald tended to prove that plaintiff at all times knew that Kenyon was not acting for McDonald in the transaction; that Kenyon had no authority to make any deal which involved taking a used car without submitting the deal to McDonald or the general manager of McDonald's business, and that such a deal was made only through definite channels which the rules of the business provided must be followed; that neither McDonald nor the manager was informed of the deal between plaintiff and Kenyon, and that it was not conducted through the usual channels, but was an outside deal made by Kenyon against the rules of the business, and that Kenyon was discharged when the matter was discovered. It was also testified that plaintiff's car was brought to McDonald's place of business to be repaired, and was not offered for sale, and that plaintiff had never paid the repair bill, although statements had been repeatedly mailed to him.

It is settled that the scope of an agent's authority may be established by circumstantial evidence. Champlin Rfg. Co. v. Crisp, 184 Okla. 248, 86 P. 2d 784; Green Const. Co. v. Empire Dist. Elec. Co., 92 Okla. 127, 218 P. 1074; 2 C. J. 932, 962; 3 C. J. S. 273, 305. And where the evidence is conflicting, and from it reasonable men might reach different conclusions as to the authority of the agent, the question is one for the jury. Anthony v. Clark, 182 Okla. 545, 78 P. 2d 1064; 2 C. J. 962; 3 C. J. S. 328.

We think the evidence in the instant case was sufficient, under the rules above announced, to justify the submission of the question to the jury, and that the trial court did not err in so doing.

3. In his third contention McDonald complains of the instructions given, and particularly of instruction No. 7, which he says tells the jury that fraud may be established by a preponderance of the evidence. However, when the whole instruction is considered, the statement therein that where proved by circumstantial evidence the facts from which fraud may be inferred must be fully and fairly established, and must be of such a character as to convince the jury that fraud exists, sufficiently advises the jury of the quantum of proof required, and qualifies the statement that such facts may be established by a preponderance of the evidence. McDonald cites and

relies upon Pugh-Bishop Chevrolet Co. v. Duncan, 176 Okla. 310, 55 P. 2d 1003, but the instruction in the present case is very different from the one held faulty in that case. Further, McDonald did not request any instruction on this point, and in the absence of such request may not complain that the one given is not sufficiently clear and specific. Societe Titanor v. Sherman Mach. & Iron Wks., 172 Okla. 213, 45 P. 2d 144. Under this contention, and in connection with his criticism of instruction No. 7, McDonald argues that no fraud chargeable to him was shown. The testimony of plaintiff above set forth was, if believed by the jury, sufficient to establish the perpetration of a fraud by Kenyon as the agent of McDonald.

McDonald contends that the trial court erred in instructing the jury that acts of fraud committed by a general agent bind the principal so that he is liable therefor, and that a person dealing with a known agent has a right to presume the agency to be general and not special. This contention is predicated on the fact that Kenyon was a salesman, and McDonald argues that as such his authority was limited to making sales for cash, and that authority to exchange cars could not be inferred, citing Eaton v. Hattiesburg Auto Sales Co., 151 Miss. 211, 117 So. 534, and other cases, and 2 C. J. S. 1323. These instructions did not advise the jury that Kenyon was a general agent, or define the distinction between the authority of general and special agents. By instructions Nos. 18 and 19, the jury was told that if the deal was made by Kenyon and plaintiff as a private deal, McDonald would not be liable. Defendants did not request any instructions on this point. We have heretofore held that one dealing with a known agent may assume that his agency is general. R. N. Smith Supply Co. v. Stephens, 169 Okla. 555, 37 P. 2d 926. If further instructions on the point were necessary to fully present McDonald's contention to the jury, he should have requested them. Empire Oil & Ref. Co. v. Fields, 188 Okla. 666, 112 P. 2d 395; Save Sales Co. of Toledo v.

Futral, 180 Okla. 145, 69 P. 2d 349; Rose v. Cochran, 84 Okla. 148, 202 P. 1003. We think the instructions as a whole fairly covered the issues involved, and that the defects complained of by McDonald do not justify reversal.

McDonald also asserts that exemplary damages may not be recovered where, as here, he had no knowledge of Kenyon's acts or representations, citing Aaronson v. Peyton, 110 Okla. 114, 236 P. 586. But we are committed to the contrary rule. Holmes v. Chadwell, 169 Okla. 191, 36 P. 2d 499. He also says that such damages may not be recovered in an action for the breach of an obligation arising from a contract, citing Colby v. Daniels, 125 Okla. 202, 257 P. 298. But the present action is one for damages for conversion, and sounds in tort. McJunkin v. Hancock, 71 Okla. 257, 176 P. 740. And a wrongful appropriation of property which rightfully came into the possession of the appropriator is a conversion thereof. Federal Nat. Bank of Shawnee v. Lindsey, 172 Okla. 30, 43 P. 2d 1036.

Affirmed.

WELCH, C. J., CORN, V. C. J., and BAYLESS and GIBSON, JJ., concur. RILEY, OSBORN, DAVISON, and ARNOLD, JJ., absent.