No. 21,630.

## T. D. HAMPSON, *Appellee*, v. M. T. SPONG, *Appellant.*

### SYLLABUS BY THE COURT.

CONTRACT—*False Representations—Instructions—No Error in Record.* Instructions to the jury considered, and held to be adequate and correct, and the proceedings held to be free from error in other respects.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed July 6, 1918. Affirmed.

*P. C. Young,* of Fredonia, for the appellant.

*E. D. Mikesell,* of Fredonia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for false representations. The plaintiff recovered, and the defendant appeals.

The petition alleged that in December, 1915, or January, 1916, the plaintiff and the defendant agreed to buy a tract of land together, for subsequent sale or exchange, the profit or loss to be shared equally. The defendant was to negotiate the purchase, and did so. The defendant said the land cost $6,500, and the plaintiff paid his share, $3,250. It cost only $5,660, so the plaintiff was defrauded. The answer was a general denial. The defendant's version of the controversy was that he bought the land himself, and that it was used in the affairs of a partnership with the plaintiff afterwards formed.

The court stated four propositions to the jury which the plaintiff was required to establish before he could recover: first, that at the time stated in the petition, the agreement was made to purchase the land and afterwards sell or exchange it, and share profit or loss equally; second, that the defendant purchased the land for the joint benefit of himself and the plaintiff, as agreed; third, that the defendant represented the cost to be $6,500, and that relying on the representation, the plaintiff paid the defendant half the purchase price, $3,250; fourth, that the defendant paid only $5,660 for the land. An instruction was added that a partnership might be formed of the character alleged for one transaction, without creating a

general partnership. The jury were then told that unless the propositions stated were proven by a preponderance of the evidence, the jury should find for the defendant.

The defendant asked the court to give nine instructions, covering almost three and one-half printed pages of the abstract. His chief complaint is that the jury were not adequately instructed. After listening to the oral argument of the learned attorney for the defendant, and carefully considering his excellent brief, the court is of the opinion the instructions given were more extended than necessary. The reference to the formation of a partnership for a single transaction was superfluous. Otherwise the controversy was presented to the jury in admirable form.

The defendant says that fraud must be clearly proved, and that an instruction to that effect should have been given. Such an instruction is authorized when the inference of fraud is to be deduced from all the evidence. In this instance fraud was proved if the particular facts specified in the instructions were established, and it was sufficient that those facts be established by a preponderance of the evidence.

The defendant says that a statement that a thing cost a certain sum is not a fraudulent representation. Such a statement, if untrue, is a fraudulent representation, when one partner is telling another the price paid for partnership property, one-half of which the other is to contribute.

Complaint is made that a document was introduced in evidence. It was one of the papers connected with the plaintiff's case, and in any event it did not determine the verdict.

The defendant pleaded two set-offs. One was that he was in partnership with Perry Fowler, who was entitled to forty percent of the receipts of the defendant's office, and that the defendant paid Fowler forty percent of the amount out of which the plaintiff was "skinned." Of course that set-off was not allowed to go to the jury. The other set-off was presented to the jury for its consideration, and the defendant was beaten on the facts.

The judgment of the district court is affirmed.