## SOCIETE TITANOR v. SHERMAN MACHINE & IRON WORKS.

No. 21842.  May 14, 1935.

Pierce, McClelland & Kneeland, for plaintiff in error.

Tomerlin & Chandler and Troy Shelton, for defendant in error.

GIBSON, J.  Plaintiff in error will be referred to herein as plaintiff, and the defendant in error as defendant.

Plaintiff commenced this action in the district court of Oklahoma county to recover the price of one thousand and twenty-five (1,025) pounds of steel shipped by plaintiff to defendant in compliance with the alleged terms of a written contract.

The contract was an order written on the stationery of the defendant company and was as follows, omitting letterhead:

"Oklahoma City, Okla.
"January 21, 1927.
"Societe 'Titanor',
"55 Rue de Chateaudun,
"Paris, France.
"Gentlemen:
"Please supply the following goods, consigning same to Sherman Machine & Iron Works, 18-36 East Main Street, Oklahoma City, Oklahoma, charging same to our account:

"1 bar of Titanor Steel of each of the following dimensions:

"Flat ¾ x 1½"; 1" x 2"; 1¼" x 2½" (weldable).

"Square 1½"; 1¾"; 2" for cold sets.

"This is to be delivered at the price of 52c per pound, duty and freight paid, to the above consignee at Oklahoma City, Oklahoma, U. S. A.

"It will be agreeable to have the lengths of each bar cut in two pieces suitable for shipping.

"Yours very truly,
"Sherman Machine & Iron Works.
"NSSJr/ZL By N. S. Sherman Jr.,
"Treasurer."

Defendant answered alleging fraud on the part of the plaintiff in procuring the execution of the contract; that the signing thereof was solicited, induced, and procured by fraud, misrepresentation, and artifice on the part of plaintiff's agent, J. Rossant, in that the said agent came into the office of N. S. Sherman, Jr., treasurer of the defendant company, and solicited a small sample order of Titanor steel, and that the said Sherman agreed to give such order provided it did not exceed 200 pounds in weight, to which J. Rossant agreed, and requested permission to draw the order so that the quantity of steel would not exceed 200 pounds; that said Rossant did dictate the order, and represented to Sherman that the quantity of steel described did not exceed 200 pounds; that said Sherman believed and relied upon said representations, and by reason thereof

signed said order, and that Sherman was without experience in estimating weight of Titanor steel; that the shipment was received by defendant, but upon learning the contents thereof, it immediately notified plaintiff of its refusal to accept the order. Tender of the shipment was made by defendant to plaintiff.

Verdict and judgment were for defendant, and the plaintiff has appealed.

The plaintiff says the trial court erred in hearing evidence of fraud used in procuring the execution of the order, since the pleadings failed to show incapacity to read on the part of Sherman, or any trick or artifice resorted to on the part of Rossant to prevent the reading of the order.

Plaintiff contends, further, that to warrant the cancellation of the written contract on the ground of fraud, the elements of such fraud must be clearly pleaded and proved; that such proof must be clear and convincing; that mere preponderance of the evidence is not sufficient, and the instructions of the court requiring only a preponderance of the evidence constituted reversible error.

Counsel say the established rule in this jurisdiction is that the mere false representation to a man in possession of his faculties and able to read that a writing embodies their verbal understanding is not fraud which vitiates a contract. Guthrie & W. R. Co. v. Rhodes, 19 Okla. 21, 91 P. 1119; McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 P. 524; Ames v. Milam, 53 Okla. 739, 157 P. 941; Bass Furn. & Carpet Co. v. Finley, 129 Okla. 40, 263 P. 130. It is claimed that the written order is plain and unequivocal in its terms and the defendant cannot defend on the ground that its officers did not read the contents thereof.

The above cited cases are not authority for the proposition as stated by the plaintiff. These cases express the rule that a statement as to mere matters of opinion as to something that would transpire in the future would not change the terms of a contract; and, further, in the absence of allegations that a contract was signed upon the assurance from, or reliance upon, some one as to the contents thereof, there is no sufficient charge of fraud in procuring the execution of a contract.

The allegations of fraud in defendant's answer bring its defense squarely within the rule announced by this court in Mount Hope Nurseries Co. v. Jackson, 36 Okla. 273, 128 P. 250, as follows:

"* * * A party who misrepresents a matter to another, where the other relies on the statements made, is liable for the misrepresentations. A man who makes a false statement to another, for the purpose of inducing that other to enter into a contract with him, and which the other believes, and, believing, is thereby induced to enter into a contract with him, will not be heard to say: 'It was not my misstatements, but your negligence in believing them, that injured.' It is not for the plaintiff to say that the defendant relied too implicitly on the statements of its agent. * * *"

We cannot agree with plaintiff that the written order is plain and unequivocal in its terms. It is not so to one without experience in dealing in the commodity therein described, in the absence of familiarity with, or understanding of, the descriptive terms employed therein. The defendant says that such was its position in the transaction, and that it relied upon the statements and representations of the plaintiff when it signed the order, and that such statements and representations were fraudulent and resulted in the signing of the contract.

This amounts to a direct charge of positive fraud. Active, positive fraud is always recognized as a defense in a suit on contract; and whether the defendant was deceived by the alleged misrepresentations of Rossant was a question for the jury. Mount Hope Nurseries Co. v. Jackson, supra.

The agreement that Sherman was bound to familiarize himself with the contents of the order is not sustained by former holdings of this court. In the Mount Hope Nurseries Case, supra, the rule announced in Graham v. Thompson, 55 Ark. 299, 18 S. W. 58, was cited and followed, as follows:

"* * * The very representations relied upon may have caused the party to desist from inquiry and neglect his means of information; and it does not rest with him who made them to say that their falsity might have been ascertained and it was wrong to credit them."

The real question in cases of this character is, Was the party in fact deceived by the false representations? Prescott v. Brown, 30 Okla. 428, 120 P. 991.

In considering the doctrine that a person who relies upon the statements of another when executing a written contract is too careless of his own interests to be entitled to any relief, this court, in Prescott v. Brown, supra, said:

"* * * Such doctrine may be the law in some states, and possibly obtains to some degree in this state, but the trend of modern decisions is that where a contract is induced

by false representations as to material, existent facts, which are made with the intent to deceive and upon which plaintiff relied, and was thereby deceived, it is no defense to an action for rescission or for damages arising out of deceit, or to avoid a contract, that the party to whom the representations were made might with diligence have discovered their falsity, and that he made no searching inquiry into facts."

And in that case we approved the rule expressed in Biglow on Frauds, vol. 1, page 523, as follows:

"* * * Recent authority has, however, gone far towards settling the matter right in principle. The proposition has now become widely accepted, at law as well as in equity, at least as general doctrine, that a man may act upon a positive representation of fact, notwithstanding the fact that the means of knowledge was specially open to him, although he had legal notice of the real state of things. It may be improbable that a man with the truth in reach should accept a representation made in regard to it, but the improbability can be no more than a matter of fact."

In view of the foregoing authorities, the trial court did not err in hearing evidence of fraud practiced by the plaintiff in securing Sherman's signature on the order, notwithstanding the fact that Sherman may have failed to make full investigation before signing same.

Plaintiff complains of certain instructions of the trial court wherein the plaintiff was required to prove the allegations of its petition by a preponderance of the testimony. This merely places the burden upon the plaintiff to establish its case by a greater weight of the testimony. We find no fault with the instructions.

It is further contended by plaintiff that the instructions of the court requiring the defendant to establish its allegations of fraud by a mere preponderance of the evidence was error. Counsel cite Bass Furn. & Carpet Co. v. Finley, supra, as authority that fraud can be established only by clear and convincing evidence; and Brown v. Harmon, 115 Okla. 277, 242 P. 1047, is given as authority that "A mere preponderance of evidence, which at the same time is vague and ambiguous, is not sufficient to warrant a finding of fraud, and will not sustain a judgment on such finding."

It does not appear that plaintiff requested a more concise statement as to the degree of proof required to establish the fraud. Counsel should have requested more specific instructions if it appeared that the instruc-

tions as given were not sufficiently clear and full to cover the question involved. The rule is so stated in International News Service v. News Pub. Co., 118 Okla. 113, 247 P. 87:

"It is a well-settled rule in this state that, if the court's charge be not sufficiently full or sufficiently specific, it is the duty of the party who considers himself aggrieved thereby to request fuller or more specific instructions from the court, and if he fails so to do, there is no basis for an assignment of error to the giving of such instructions. The saving of exceptions thereto will not suffice, not being equivalent to request for a fuller or more specific instruction."

See, also, M., O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 P. 142.

Defendant conducted its defense upon direct and specific allegations of fraud. Evidence tending to establish the allegations was received by the court. Inferences and circumstances played little part in the case. Facts constituting fraud, alleged by defendant and supported by evidence, were specified in the instructions. If such facts were established by a preponderance of the evidence, it was sufficient. Hampson v. Spong (Kan.) 173 P. 909.

Concerning the establishing of fraud as a fact, this court stated the following rule in L. L. Tyer & Son v. Wheeler, 41 Okla. 335, 135 P. 351:

"Fraud is a fact to be established as any other fact, and where a jury has passed upon the question, and there is any evidence in the record reasonably tending to support the verdict, the same will not be disturbed in this court on appeal." Cited and followed in Cavanagh v. Johannessen, 57 Okla. 149, 156 P. 289.

The statement of the court in Brown v. Harmon, supra, that "A mere preponderance of the evidence, which at the same time is vague and ambiguous, is not sufficient to warrant a finding of fraud, * * *" means that there is no evidence in the record reasonably tending to support the verdict.

Under the charge of the court the jury has found the greater weight of the evidence to show that fraud was practiced by the plaintiff. The evidence is sufficient to support the finding, and such finding will not be disturbed by this court on appeal.

Plaintiff contends that all representations made by the parties prior to the execution of the contract were merged into the written contract; that to permit evidence of the alleged oral agreement prior to the execution of the written agreement was error. Plain-

tiff has stated the general rule. Defendant, however, says there was no contract by reason of the fraud practiced by the plaintiff. As heretofore stated, fraud is established as any other fact, and in the present case parol evidence material to the issues was competent. We find no error. The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, BUSBY, WELCH, and CORN, JJ., concur. OSBORN, V. C. J., and RILEY and PHELPS, JJ., absent.