**FIRST NATIONAL BANK OF BRAMAN v. SCOTT et al.**

No. 26655. Nov. 10, 1936.

Burger & Burger, for plaintiff in error.

Sargent & Ross, for defendants in error.

PER CURIAM. This is an appeal from the district court of Kay county, Okla., wherein plaintiff in error, the First National Bank of Braman, was plaintiff, and the defendants in error, Roy O. Scott et al., were the defendants. The parties will be referred to as in the lower court. There plaintiff filed its petition on January 11, 1935, which alleged substantially that plaintiff was a national banking corporation, with the right to maintain this action; that on or about May 2, 1930, Mary Scott, then living, but now deceased, for good consideration executed and delivered her promissory note to the plaintiff in the principal sum of $800; that the said Mary Scott, the maker of said note, died intestate on or about the 20th day of May, 1930; that in August, 1930, and January, 1931, payments were made upon said note, leaving a balance due of $158.91, plus interest and attorney fees; that upon her death, Mary Scott left the named defendants as her sole heirs, among them being Roy O. Scott, who was duly appointed as administrator of her estate, and qualified and acted as such; that said balance due the plaintiff was filed in the county court of Kay county, Okla., as a claim against her estate, which claim was allowed in full; that she left certain personalty which was insufficient to pay all of the claims against her estate and that a pro rata part of plaintiff's claim was paid; that she also left the east one-half (E.½) of the northeast quarter (N.E.¼) of section twenty (20), township twenty-eight (28) north, range one (1) west of the Indian Meridian, Kay county, Okla., which said real estate was the homestead of the deceased, and was, under the final decree of the county court, set aside to Loyd Scott, the minor son of the deceased, as his homestead until he should reach his majority; that the said Loyd Scott had long since reached his majority, and at the time of the filing of plaintiff's petition was not entitled, as against the plaintiff and the other defendants, to the occupancy and use of said real estate as his homestead; that said real estate passed to the defendant heirs without the debt owing plaintiff being paid; that each of said heirs was liable to the plaintiff for said debt to the extent of the value of said real estate; that the deceased and the defendants had failed and refused to pay said obligation, and plaintiff prayed judgment against the defendants, and that the judgment be declared a first lien upon said real estate, and that said lien be foreclosed, and for other proper relief.

To this petition were attached certain exhibits evidencing the debt owed the plaintiff by the deceased, Mary Scott, and a true copy of the final decree of the county court in her estate, dated December 19, 1930, which was not appealed from, and which, in distributing the homestead, used the following language: "Free and clear of all claims of every kind and character, save and except the said right of the said Loyd Scott to occupy and use the same until he arrived at the age of 21 years." Plaintiff filed its affidavit of nonusury, and obtained service upon the defendants.

The defendants demurred to plaintiff's petition for the reason "that the same did not state sufficient facts to constitute a cause of action in favor of the plaintiff and against the defendants." Said demurrer was sustained by the trial court May 4, 1935, and this appeal taken when plaintiff elected to stand on its petition.

It appears that the sole question in this case which needs must be decided here is whether, as a matter of law, plaintiff's petition stated a cause of action; in other words, under the laws of this state, does a homestead passing from a deceased widow to a minor child, under the statute, free and clear for his sole use and benefit until he reaches the age of majority, then become subject to the claim of a creditor whose claim was allowed by the county court and part paid thereon by the administrator of the deceased widow?

Counsel for plaintiff ably argue equities in support of their contention that such is the case. Counsel for the defendants are equally as insistent and argue:

(1) That the homestead does not become liable for the payment of the debts of the ancestors upon the arrival of majority of the children.

(2) The final decree of the county court was binding upon the plaintiff and is not subject to collateral attack.

Since a ruling on the first proposition will

dispose of this case, consideration of the second proposition is unnecessary.

Section 1223, O. S. 1931, provides that the homestead shall not in any event be subject to administration proceedings, until otherwise disposed of according to law; and that the children, upon the death of both husband and wife, may continue to occupy the homestead until the youngest child becomes of age.

Section 1225, O. S. 1931, provides that the homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of their death, except such as are secured by lien thereon, as provided in the laws relating to homesteads.

We take it that the public policy of this state has always been to preserve and protect the family homestead, so that not only the aged parent or parents, but also the surviving children shall be assured, if they are reasonably diligent, of a place of refuge; and that in line with this policy the Legislature passed these very pertinent statutes, the intent of which is to pass the homestead free and clear from the debts of the ancestors, unless the same are a lien upon the homestead, placed thereon in a manner provided by law. Having once so passed, free and clear, under the statutory exemption, we hold that under section 1225, O. S. 1931, it does not become subject to the claims of a creditor such as this plaintiff, upon the youngest child reaching his majority.

Plaintiff argues that the opposite is true, and cites decisions from several states in support thereof; however, we think the better rule is as stated in 29 C. J. 1028, as follows:

"The rule under which the children's rights terminate on majority has no application, of course, in jurisdictions where the homestead laws pass the homestead property to the heirs exempt from the ancestor's debts, or under homestead laws by which the homestead is forever discharged from all debts of the decedent."

Plaintiff also cites cases wherein the inheritance was subjected to the claims of creditors which had not accrued or become enforceable until after the close of the administration proceedings. Plaintiff's petition shows that such was not the case here, and consequently these cases are not in point.

The decision of the lower court must be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Gordon Fuller, Streeter B. Flynn, and C. P. Harris in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Fuller and approved by Mr. Flynn and Mr. Harris, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur.