In re IRWIN'S ESTATE.
IRWIN v. IRWIN.

No. 30808. April 13, 1943.

136 P. 2d 940.

Bill Ginder, of Cherokee, for plaintiff in error.

Carpenter & Hadwiger, of Cherokee, for defendant in error.

DAVISON, J. In this case a widow who was entitled to use and occupy real property as a probate homestead first asked for and was granted an order setting aside such property as such homestead, but later and before the close of administration proceedings formally waived or attempted to waive her homestead right and consented to the sale of the property to satisfy the the claims of creditors. The decedent was not survived by minor children.

One of the other heirs of the deceased has challenged the power of the widow to waive the right after having asserted it.

The county court of Alfalfa county, where the cause originated and the question was first raised, approved the waiver or relinquishment of the homestead right and found the property should be sold to satisfy the claims of creditors.

The dissatisfied heir appealed the matter to the district court of Alfalfa

county, where, after consideration on appeal, the same conclusion was announced. The cause is now presented to us on appeal from the decision of the district court by Fred Irwin, the dissatisfied heir, who appears herein as plaintiff in error. Margaret Irwin, the widow, appears herein as defendant in error, seeking an affirmance of the decision of the trial court.

It is appropriate to note at the outset of our discussion that the question is one of substantive rather than remedial law. The plaintiff in error is asserting that after the order setting aside the homestead the widow could not waive the right, not that she did not do so in proper manner. To state the issue on appeal in the language of plaintiff in error, we quote from his brief:

"The sole and only question raised by the pleadings in this case and the stipulation of facts entered into by said parties is after real property in an estate has been set aside to a surviving widow at her request as her homestead and such order has become final, can such surviving widow thereafter waive and relinquish her homestead rights to said property and thereby make such homestead an asset of said estate and subject to administration proceedings and sale by the probate court to pay general creditors of the deceased?"

It is appropriate that we preface our discussion of the law with an epitome of the facts.

John M. Irwin died intestate July 28, 1940. On August 20, 1940, administration proceedings were instituted in the county court of Alfalfa county. The heirs of the deceased, as named in the petition for administration, were Margaret Irwin, his wife, and three adult children by a former marriage, one of whom is plaintiff in error herein. Plaintiff in error was appointed administrator. The decedent was indebted to his wife in the sum of $1,017, and in the course of administration her claim for that amount with accruing interest at 6% per annum was established as a charge against the assets of the estate, being allowed by the administrator and approved by the county court.

On September 10, 1940, Mrs. Irwin obtained an order setting apart to her as the homestead a quarter section of land situated in Alfalfa county, the same being the only land owned by the deceased at the time of his death.

The land was not acquired by the deceased during coverture and the wife's interests therein subject to the homestead was one-fourth. The wife thus occupied a multiple status before the court. She was surviving spouse, heir, and creditor. She decided her interests would be best served by abandoning or relinquishing her homestead right and pressing her claim as creditor with a view to satisfying her debt from the proceeds of a probate sale of the real estate. She therefore petitioned the court to sell the real estate to satisfy creditors' claims against the estate and incorporated in her petition a waiver and relinquishment of her homestead rights.

This in our judgment she could do. The homestead right is conferred upon her by law for her own benefit. She stands before the court as a competent person of adult age voluntarily releasing that which the law has conferred upon her. The fact that her motives in doing so were not altruistic and that she may benefit by the act does not militate against her right to act. If that which the law has conferred upon her for her protection operates to her disadvantage she may release it. In Fuller v. Holderman, 114 Okla. 136, 244 P. 417, we held that the homestead right could be relinquished by a widow by a waiver filed with the county court. Our decision in the case of Hembree v. Magnolia Petroleum Co., 176 Okla. 524, 56 P. 2d 851, also proceeded upon the theory that a widow can waive or relinquish her homestead right. In Re Butler's Estate, 181 Okla. 301, 73 P. 417, we again stated in substance that the right was one which could be waived by the widow. In connection with this case plaintiff in error asserts the point was not necessary to our decision. Treating this contention as correct, the case constitutes a judicial pronouncement on the point in line with

the general trend of our decisions. Our declarations on this phase of the law are in line with the general rule prevailing elsewhere. 29 C. J. 951, § 381; 29 C. J. 998, § 481; 13 R. C. L. p. 658 and 671; Bancroft's Probate Practice, vol. 2, § 704, p. 1258; also, sec. 705, p. 1258; 26 Am. Jur. 107, § 170; also, p. 128, § 207.

It is true, as stated in many of our cases, that the probate homestead is not subject to sale for the payment of the debts of the decedent, but this general statement is not applicable when, as here, the homestead right has ceased by reason of relinquishment.

Nor is waiver or relinquishment any the less applicable because by the order setting aside the homestead there has been a judicial recognition of the homestead character of the property.

Waiver is the intentional relinquishment of a known right. If there is no right, there is nothing to waive. Judicial approval of the right merely recognizes the existence and approves its enjoyment. It does not enlarge it. If the right can be waived before such approval by a competent person, it can be relinquished afterward.

We find nothing in the decisions cited by the appellant inconsistent with the views herein expressed.

The decision of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, HURST, and ARNOLD, JJ., concur. OSBORN, BAYLESS, and WELCH, JJ, absent.