## RUSSELL v. KEY.

No. 31631. Jan. 23, 1945.

*155 P. 2d 238.*

Robert L. Cox, of Oklahoma City, for plaintiff in error.

Harry C. Kirkendall, of Enid, for defendant in error.

CORN, J. The plaintiff, Dorothy Ann Key, filed her action in the district court of Garfield county, Okla., alleging that she was the owner in fee simple and in possession of the property described as:

All of Lot Ten (10) and the West Half of Lot Eleven (11), Block Two (2), Waverly Second Addition to the City of Enid, Oklahoma.

—and attached to her petition copy of the deed which was duly recorded and by which she claimed title.

The defendants, Jack Dillon, W. E. Russell, and State of Oklahoma ex rel. Richard R. Law, Bank Commissioner, were made parties defendant.

The defendant Jack Dillon filed his disclaimer to the real estate, and the State of Oklahoma, by Richard R. Law, Bank Commissioner, disclaimed any interest in the matter in controversy and alleged that the judgment obtained in the district court on the 10th day of December, 1932, had been assigned to the defendant W. E. Russell.

The defendant W. E. Russell, by answer, alleged that he was the owner of a judgment rendered in the district court on December 10, 1932, in favor of the State of Oklahoma ex rel. W. J. Barnett, Bank Commissioner, wherein judgment was rendered against Alta I. Parker, and which judgment was, on the 4th day of June, 1939, assigned to him, and that he was the owner and holder of the judgment, and alleged that it constituted a judgment lien against the premises described.

To this answer a reply was filed by Dorothy Ann Key wherein she alleged as to the homestead character of the premises described at the time the said Alta I. Parker executed her deed to the plaintiff, and that it was the homestead

of Alta I. Parker, and denied that any judgment lien attached to the premises by reason of the homestead character thereof.

On these issues a trial was had which resulted in a judgment for Dorothy Ann Key, plaintiff below, and against the defendant W. E. Russell, quieting title to said premises in the plaintiff and barring the said W. E. Russell from any right, title, interest, or claim therein.

The findings of fact and conclusion of law by the trial court in part are as follows:

"The court finds the facts to be in this case that Alta I. Parker, the mother of the plaintiff, acquired title to the property involved, in the year 1922; that at such time Mrs. Parker had a husband and two minor children residing in the property as their homestead; that the property continued to be the homestead of the Parker family up until the date of the death of the husband, in 1933, and that the homestead character thereafter continued for the benefit of Alta I. Parker, the surviving widow.

"The court further finds from the evidence that Mrs. Parker continued to live in the property until about the year 1934, at which time she went to Stillwater, Oklahoma, for the purpose of securing some type of employment; that she returned to Enid on week-ends and during holiday seasons and continued to remain a resident of Enid, Oklahoma, during such time.

"The court further finds that later Mrs. Parker developed some kind of illness and that she spent some time with her daughter, the plaintiff, in Louisiana, and some time in the state of Kansas and some of the time at her home and residence here in Enid; but that, at all of such times, Mrs. Parker continued, and it was her intent to retain and keep her residence at 1406 West Broadway, at Enid, which is the house number of the property involved.

"The court finds that at the time of the execution of this deed that the property was the homestead of Alta I. Parker.

"The court concludes as a matter of law that by reason of the homestead

character of the property the judgment lien in the State of Oklahoma ex rel. Bank Commissioner, in case No. 13687, never fastened itself upon such property and that Alta I. Parker had the right, by reason of its being her homestead, to dispose of it as she saw fit, without reference to such judgment lien.

"The court further finds the law to be that temporary absence, with intent to return, which the court finds to exist in this case, does not constitute abandonment of the homestead, and the court finds that there was no intention on the part of Mrs. Parker to move away from this city of Enid and this property, with intent of establishing another homestead or with the intention of not returning to the homestead here.

"The court further finds and determines the law to be that the proof of abandonment of a homestead must be clear, cogent and convincing and that the burden, showing an abandonment of homestead, under the law of this state, is on the party asserting it. The only evidence submitted has been the testimony of witnesses on behalf of the plaintiff, and the testimony of such witnesses indicates that there was no abandonment and there has been absolutely no proof whatever indicating abandonment, or the establishment of another homestead."

In German State Bank of Elk City v. Ptachek, 67 Okla. 176, 169 P. 1094, we held:

"When a homestead character once attaches to land, it continues to be the homestead until the owner voluntarily changes its character, by disposing of the property, or by leaving with the intention, or forming such an intention after leaving, of not returning and occupying it as a homestead. Temporary absence from a homestead does not constitute an abandonment thereof, where there exists a definite and fixed intention to return. . . ."

In Japp v. Sapulpa State Bank, Sapulpa, 90 Okla. 56, 215 P. 1059, this court held:

"It is the prevailing rule in this state that on the question of abandonment of a homestead the intention to abandon is the controlling fact to be determined. In such case the burden of proving

such intention is upon the party charging same. Carter v. Pickett, 39 Okla. 144, 134 P. 440; Nelson v. Fightmaster, 4 Okla. 38, 44 P. 213."

Judgment of trial court affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.