J. H. DOWELL, as Administrator of the Estates of A. H. Dowell and Rosamond Dowell, Both Deceased, Plaintiff,

v.

Donald E. POWERS, Judge of District Court of Lincoln County, Oklahoma, Defendant.

No. 38802.

Supreme Court of Oklahoma.

Dec. 13, 1960.

P. D. Erwin, Chandler, for plaintiff.
Richard James, Stroud, for defendant.

WILLIAMS, Vice Chief Justice.

Involved herein is a conflict in jurisdiction between the county court and the district court of Lincoln County. The administrator of the estates of deceased former owners of certain real estate brings this original action to prohibit the defendant judge of the district court from proceeding in a partition action having as its object the determination more than three years after their respective deaths of the heirs of such deceased persons and partitioning of respective shares of said lands to heirs and their successors in title and interest while the county court proceeding is still pending.

Etta Soderstrom, on the 12th day of December, 1958, filed in the District Court of Lincoln County, "Petition to Quiet Title, Determine Heirs and Partition", case No. 17007. The heirs sought to be determined were those of certain prior owners of such real property, including the heirs of A. H. Dowell and his wife, Rosamond, deceased at

the time of the filing of such action. Mr. and Mrs. Dowell had died in 1929 and 1933 respectively. The plaintiff in the case at bar was the administrator of their estates, and one of the defendants in the aforementioned Soderstrom suit.

Etta Soderstrom's petition contains an allegation that she is the owner of two rent houses which were moved onto some of the lands herein involved; that these are personalty and she has the right to remove them; that if the houses are a part of the realty, she is entitled to be reimbursed for the reasonable value thereof.

Plaintiff, in his answer to the Soderstrom petition, challenged the jurisdiction of the district court by pleading that the estates of the Dowells were in process of administration and the realty involved was needed to pay alleged claims against the estate including the costs of administration. Soderstrom's demurrer to the answer was sustained by the district judge, defendant herein. Plaintiff, seeking a writ of prohibition, now asserts that defendant "is attempting to make an unauthorized application of judicial force and is thereby ousting the county court of its exclusive jurisdiction to administer upon an estate."

By Sections 12 and 13, Art. 7 of the Constitution, the county court is given original jurisdiction in probate matters, including the power to transact all business appertaining to the estates of deceased persons including the sale, settlement, partition, and distribution of the estate thereof.

The original jurisdiction in such matters is exclusively in the county court. The jurisdiction of the district court in such matters is appellate only. Section 16, Art. 7, Constitution.

Defendant relies on 84 O.S.1951, § 257. In substance it provides that "where any person dies intestate possessed of real property in this State * * * and the period of three or more years since the death of such intestate * * * has elapsed without *their* having been a decree by the county court of the county having jurisdiction to administer upon his estate, wherein it was judicially determined who, by name, are or were all the particular persons entitled to participate in the distribution of such real property under * * * the law of succession, * * * the name and individual identity of each and all the persons who take or were entitled to take * * * immediately under * * * the law of succession, may be judicially determined and jurisdiction thereto invoked in the manner * * *" provided in said section.

Such statute does not empower the district court to partition and distribute the estates of deceased persons upon which an administration proceeding is pending. These matters may properly be before the district court only on appeal. As aforementioned, the Constitution entrusted original jurisdiction of these matters to the county court.

In Blue v. Murray, Okl., 260 P.2d 1069, 1071, we said:

"In Bryan v. Seiffert, supra [185 Okl. 496, 94 P.2d 526], we held that county courts of Oklahoma have original and exclusive jurisdiction of administration proceedings upon estates of deceased persons and that where such proceedings are pending, district courts have no jurisdiction or powers to undertake to administer upon such an estate to exclusion of county courts."

In the case of In re Gentry's Estate, 158 Okl. 196, 13 P.2d 156, 159, we quoted from Sec. 1218, C.O.S.1921 (58 O.S.1951 § 290), and in connection therewith stated:

"Under the provisions of such a statute it is generally held that the administrator has the right to the possession of the real as well as the personal estate and may receive all rents and profits of the real estate until the estate is settled up and delivered over to the heirs by order of the probate court, but that this does not change the title which vested in the heirs, subject to the right of possession by the administrator. * * *".

If the district court were to order partition of the real property of the estate, it would still be subject to the claims against the estate which might be allowed by the county court. Confusion and uncertainty might well result. Under such circumstances, a purchaser at the partition sale would not know but that, and how much of, his purchase might be required to satisfy the claims against the estate. Such situation might well chill any bidding at a court sale and immeasurably damage the estate and the interests of the heirs.

If the district court were to partition the estate, the effect would be to administer to the exclusion of the county court. The county court has the power and jurisdiction to administer the estate without let or hindrance by the district court in a partition suit. In re Gentry's Estate, supra.

Defendant argues that the case of Gutensohn v. McGuirt, 194 Okl. 64, 147 P.2d 777, is in point. We do not agree. Therein no mention was made that there were any unpaid claims against the estate, or that there existed any necessity for the sale of the lands to pay debts or expenses of administration, nor were the interests of the respective parties questioned. The administratrix was a party plaintiff, though not in her capacity as administratrix but as an heir. No question of prohibiting such court from acting in partition was there involved as is the case here.

In the case now pending in the court of defendant, the administrator protested the action of the district court; he was one of the defendants; he stated in his answer that the land was part of the estate and it was needed so it could be sold to pay alleged claims against the estate.

■ Under allegations in the original proceeding now pending before us as to the facts, the District Court of Lincoln County by the authority granted it in 84 O.S.1951 § 257, may determine the heirs of deceased former owners of the lands involved, and the proportion each takes and quiet title in such heirs including Soderstrom subject to prior right of county court to sell so much of the realty as necessary to pay claims pending before it, but it may not properly order partition. Such district court may also determine whether either or both of the two rent houses are personalty or realty and in whom the title thereto is lawfully vested, if same is found to be in another than the estates of such deceased persons.

■ In State ex rel. Morrell v. Worten, 161 Okl. 130, 17 P.2d 424, we said:

"Prohibition is a proper remedy to arrest the action of an inferior court where a proper showing has been made that such court is proceeding in a cause without authority."

While under the authority of Gutensohn v. McGuirt, supra, if the district court of Lincoln County had proceeded to a determination of the matters pending before it, without any objection, its judgment might have become a fact accomplished, and be valid, we believe that the facts of this case warrant action on the part of this court.

By Art. VII, Sec. 2, Constitution, it is provided:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts * * *."

Under the facts presented in this case, it appears to us that there remain certain claims to be approved or rejected by the county court and, if approved amounts thereof to be determined which determination should be made by that court. That being true, it would then be improper for the district court to partition such property and thereby impinge to that extent upon the jurisdiction of the county court.

For the reasons stated, we conclude that defendant Judge of the District Court of Lincoln County should be and he is hereby prohibited from ordering a partition in said cause No. 17007.

Writ granted in part.