Lottie Cook HIXSON; the heirs, executors, administrators, devisees, trustees and assigns, immediate and remote, of E. S. Cook, deceased; Lottie M. Cook, Administratrix of the Estate of E. S. Cook, deceased, Plaintiffs in Error,

v.

John COOK, Paul Cook, Clyde Cook, Helen Hackworth, Ethel Allridge, and Katherine Williams, Defendants in Error.

No. 39236.

Supreme Court of Oklahoma.

Dec. 18, 1962.

Rehearing Denied March 12, 1963.

Houston Bus Hill, Oklahoma City, J. T. Bailey, Cordell, for plaintiffs in error.

Arney & Arney, Weatherford, Ira Monroe, Clinton, for defendants in error.

JACKSON, Justice.

This is an appeal from a judgment of the district court of Washita County, determining heirs and ordering the partition of a certain quarter section of land in that county. As to the determination of heirs, the action was brought under 84 O.S.1961 § 257, the "three year" statute.

The land was a portion of the estate of E. S. Cook, who purchased it some time before his marriage to a second wife, Lottie Cook (now Hixson). Cook died on June 7, 1943. Shorly thereafter, Lottie Cook was appointed administratrix of his estate, gave notice to creditors, and had the lands here concerned set apart to her as her homestead. No appeal was taken from the order setting apart the homestead, as provided by 58 O.S. 1961 § 721(4), and the same became final. In re Buchanan's Estate, 130 Okl. 148, 265 P. 1056. In 1944, Mrs. Cook married her present husband Mr. Hixson. It appears that the probate proceeding has never been completed.

The other heirs of E. S. Cook were six children by his first marriage. In 1956, they filed their petition in the instant case, alleging, among other things, that more than three years had elapsed since the death of Mr. Cook without there having been entered a final decree in the County Court determining the names of his heirs, and further alleging that Mrs. Hixson had abandoned her homestead. Trial was had in 1960, and resulted in a finding that Mrs. Hixson had abandoned her homestead, and a decree de-

termining the names of the heirs in accordance with the petition and appointing commissioners for the purpose of partitioning the land.

Mrs. Hixson, both individually and as administratrix, appeals and here argues three propositions.

■ The first one is to the general effect that the district court had no jurisdiction for the reason that the administration of the estate was still pending in the County Court. In support of this proposition, Mrs. Hixson cites Blue v. Murray, Okl., 260 P.2d 1069, and other cases, none of which is in point for the reason that the jurisdiction of the district court under 84 O.S.1961 § 257, was not involved.

She also cites Dowell, Adm'r, v. Powers, Okl., 357 P.2d 954, in which this court held in effect that a district court would be prohibited from partitioning property belonging to an estate of a deceased person, where the probate proceeding was still pending, and where it appeared that there were unpaid claims therein, *and that the probate sale of the property concerned would probably be necessary in order to satisfy the claims,* even though more than three years had elapsed since the death of the prior owner.

Mrs. Hixson argues that the same situation exists here, and that the sale of the land might be necessary in order to satisfy claims in the probate proceeding.

■ We do not agree. Homestead property was not involved in Dowell v. Powers, supra. It is conceded by all parties that the property here concerned was properly set apart as homestead. Such being the case, it is not subject to administration. In 58 O.S. 1961 § 311, it is provided:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings, except as in this title provided, until it is otherwise disposed of according to law; * * *. No such property shall be liable for any prior debts or claims whatever."

Neither is it subject to forced sale (except in mortgage lien foreclosure proceedings) for obligations contracted by the husband or wife prior to or at the time of the death of the husband. In 58 O.S.1961 § 313, it is provided:

"The homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as are secured by lien thereon, as provided in the laws relating to homesteads."

And, it is not liable for the cost of administration. 58 O.S.1961 § 381, provides in pertinent part, as follows:

"All the property of a decedent, *except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children,* shall be chargeable with the payment of the debts of the deceased, the expenses of the administration, and the allowance to the family. * * *" (emphasis supplied)

The fact that Mrs. Hixson abandoned her homestead (as distinguished from a waiver) after it has been set apart to her, does not make the property liable for the payment of debts of decedent, or the cost of administration, under our former decisions. In Ringer v. Byrne (1938), 183 Okl. 46, 80 P.2d 212, we held in the second paragraph of the syllabus as follows:

"Under the statutes of this State, the homestead established by husband and wife passes to the widow upon the death of her husband free from all debts or obligations of the husband, except liens attaching as provided by law, and retains its exempt character after the death of the widow, leaving no minor child."

In the body of the opinion we said that the exception (emphasized in the quotation

from 58 O.S.1961 § 381, supra) has reference to the provisions of sections 311, 312, and 313, of Title 58. The Ringer case has been cited with approval in Moore v. Rick, 186 Okl. 351, 97 P.2d 884; In re Carothers' Estate, 196 Okl. 640, 167 P.2d 899; and Meyer v. Security National Bank of Norman, Okl., 294 P.2d 572. See also First National Bank v. Scott, 178 Okl. 175, 62 P.2d 511, which is in harmony with the Ringer case.

Since our decision in Ringer v. Byrne, supra, Sec. 311, supra, has been amended (in 1953) by adding the following language:

" * * * The title to the land set apart for the homestead property shall pass, subject to the right of homestead, the same as other property of the decedent and shall be included in the decree of distribution. * * * "

So far as we have been able to ascertain we have not heretofore determined whether the amendment will· upset our holding in Ringer v. Byrne. The amendment does provide that title to the homestead property passes upon the death of the deceased owner and that the interests should be determined in the decree of distribution. However, it also provides that the title passes "subject to the right of homestead." We are of the opinion that the owner of the probate homestead is still protected against debts and costs of administration as provided by Secs. 311, 312, 313, and 381, supra, and that the amendment does not render our decision in Ringer v. Byrne obsolete.

The first proposition is therefore without merit.

■ Defendants' additional arguments are presented under propositions two and three. Since these propositions are interrelated we will quote and consider them in reverse order.

"Proposition III. The trial court erred in giving Instructions Nos. 1, 2, and 5 to the jury."

"Proposition II. The land in controversy having been set aside as the homestead of the defendant, Lottie M.

Cook, now Hixson, the surviving spouse of E. S. Cook, deceased, the burden of proof was upon the plaintiffs to establish by the most clear, undeniable and conclusive evidence that Lottie M. Cook, now Hixson, had abandoned said homestead. A homestead cannot be partitioned."

The fault in the instructions complained of in Proposition III is that the court instructed the jury that the burden was upon plaintiffs to prove their allegation of abandonment "by a fair preponderance of the evidence". The contention is made that the trial court should have instructed the jury that abandonment must be proved by "clear and convincing evidence", citing Alexander v. Love County National Bank, 203 Okl. 402, 223 P.2d 363; Russell v. Key, 195 Okl. 49, 155 P.2d 238; and Kunauntubbee v. Greer, Okl., 323 P.2d 725.

Plaintiffs do not deny that the court should have so instructed. They agree that the defendants objected and excepted·to the instructions given and that exceptions were allowed, but they also point out that defendants did not request a more accurate and concise statement as to the degree of proof required to establish an abandonment of the probate homestead. We have carefully searched the record and are unable to find that the defendants either orally or in writing suggested an instruction that the evidence to establish abandonment must be clear and convincing.

Our attention has not been invited to any case wherein it has been held that it is unnecessary to request a more accurate instruction on the degree of proof required in an abandonment case where the instruction given is not completely satisfactory. Plaintiffs invite our attention to a similarly defective instruction in a fraud case, Societe Titanor v. Sherman Machine and Iron Works, 172 Okl. 213, 45 P.2d 144, wherein we said:

"It is further contended by plaintiff that the instructions of the court requiring the defendant to establish its allegations of fraud by a mere prepon-

derance of the evidence was error. Counsel cite Bass Furn. & Carpet Co. v. Finley, supra, as authority that fraud can be established only by clear and convincing evidence; and Brown v. Harmon, 115 Okl. 277, 242 P. 1047, 1050, is given as authority that, 'A mere preponderance of evidence, which at the same time is vague and ambiguous, is not sufficient to warrant a finding of fraud, and will not sustain a judgment based upon such finding.'

"It does not appear that plaintiff requested a more concise statement as to the degree of proof required to establish the fraud. Counsel should have requested more specific instructions, if it appeared that the instructions as given were not sufficiently clear and full to cover the question involved. The rule is so stated in International News Service v. News Pub. Co., 118 Okl. 113, 247 P. 87, 91:

" 'It is a well-settled rule in this state that, if the court's charge be not sufficiently full, or sufficiently specific, it is the duty of the party who considers himself aggrieved thereby to request fuller or more specific instructions from the court, and if he fails so to do there is no basis for an assignment of error to the giving of such instructions. The saving of exceptions thereto will not suffice, not being equivalent to request for a fuller or more specific instruction.'

"See, also, Missouri, O. & G. Ry. Co. v. Collins, 47 Okl. 761, 150 P. 142.

"Defendant conducted its defense upon direct and specific allegations of fraud. Evidence tending to establish the allegations was received by the court. Inferences and circumstances played little part in the case. Facts constituting fraud, alleged by defendant and supported by evidence, were specified in the instructions. If such facts were established by a preponderance of the evidence, it was sufficient."

In reply brief defendants do not attempt to point out why the rule applied in the fraud case would not be applicable here, and have not defended the counter proposition that it was necessary for defendants to request and submit a more accurate and concise instruction. In International News Service v. News Pub. Co., 118 Okl. 113, 247 P. 87, supra, it was held that the saving of exceptions will not suffice, "not being equivalent to a request for a fuller or more specific instruction." See also McDonald v. Bruhn, 190 Okl. 682, 126 P.2d 986 and Save Sales Co. of Toledo, Ohio v. Futral, 180 Okl. 145, 69 P.2d 349, wherein the Societe case, supra, was cited with approval.

Since we find nothing in the record calling the trial court's attention to the omission, and there being no request for a more accurate instruction, we believe defendants should be precluded from making such failure available as reversible error.

 We are in agreement with the propositions of law set forth in defendants' Proposition II to the effect that abandonment of a probate homestead must be established by clear and convincing proof, and that a homestead cannot be partitioned. However, it must be noticed that on the point of "clear and convincing proof" the defendants are attempting to raise a proposition here that they failed to raise in the trial court by a requested instruction. Nevertheless, we have given consideration to the evidence and believe it sufficient to support the judgment. The evidence shows that the defendant, Lottie Cook Hixson, had not lived on this property for a period of seventeen years at the time of trial; that during this period she rented the farm and collected the rentals which appear to be more than ample to pay the taxes, insurance, and mortgage payments; she kept the farm, all of which was under cultivation, well terraced and the improvements appear to have been reasonably well kept. Subsequent to the death of her husband she has acquired in her own name two farms or ranches of 226 and 480 acres respectively; she has been living on the 480 acre ranch with her

present husband and also maintains a residence or apartment in Sayre, Oklahoma, where she practices her profession. She testifies that she intends to return to her probate homestead after she has retired from her profession, but that the time of her retirement will depend upon her health.

The strongest evidence of her intention to return to this property that we are able to discover in the record is her statement that she has always intended to return. However, we have found no substantial circumstances, or conduct on her part, which suggests an intention to return. Her maintenance of the farm by terracing, and maintaining the improvements, is just as consistent with good management of an investment property as it is with an intention to preserve it for her home.

There are a few bits of testimony that could well be considered by the trier of the facts as evidence that she had no intention to return. All of her household goods had been removed from the farm; she removed the butane tank during the second World War and explained that if she had gone back she would have probably used the small (two room) house. When asked on direct examination why she replaced the main residence on the farm after it had been destroyed by fire she volunteered the information that "To have a good renter you have to have a house."

■ An intention to return and make this property her home, or the lack of such an intention was the controlling factor on the question of abandonment. Intent, being subjective is established by many factors, such as declarations, actions, surroundings and environment. Kunauntubbee v. Greer, Okl., 323 P.2d 725, supra; Alexander v. Love County Nat. Bank, 203 Okl. 402, 223 P.2d 363. Since the principal issue in this case concerned the subjective "intent" of Mrs. Hixson, and involved the proof of a "state of mind" as opposed to physical facts, the credibility of the witnesses testifying was of major importance, and the following language of the court in Lowe

v. Hickory, 176 Okl. 426, 55 P.2d 769, at page 770, is peculiarly applicable here:

"In checking the record in this case we are at once convinced of the wisdom of the rule which recognizes the fact that the trial judge who sees the witnesses, observes their demeanor, and hears their testimony, is in better position to judge as to the true acts than the appellate court making its review by an examination of the record."

This observation is also apt where the case is presented to a jury.

After a careful examination of the record before us we are unable to conclude that the judgment should be reversed because of the insufficiency of the evidence.

With reference to the proposition that a homestead may not be partitioned we notice in the order of procedure in the trial court it was first found that there had been an abandonment of the homestead. No order of partition was entered until it was first determined that the property had lost its homestead character by reason of abandonment. Therefore a homestead was not partitioned, and the rule that a homestead may not be partitioned has not been violated.

■ Although no complaint is made in the briefs on the point, we note that the issue of abandonment of the homestead was submitted to a jury in this case. Abandonment of a homestead is an issue of purely equitable cognizance. Kunauntubbee v. Greer., Okl., 323 P.2d 725. Where a cause of equitable cognizance is tried to a jury, the verdict is advisory only, and it is the duty of the court to make its own determination of the issues of law and fact. Reynolds v. Conner, 190 Okl. 323, 123 P.2d 664. In our discussion of propositions II and III, we have noted that the court in his instructions to the jury used a measure of proof ordinarily applicable only in law actions, and this circumstance may raise some question as to whether the court considered the verdict of the jury to be binding upon him, or merely advisory. However, we note also that in paragraphs eight and nine of her motion for new trial, Mrs. Hixson

directly and specifically brought this question (proper measure of proof on issue of abandonment) to the attention of the trial court, and that he thereafter entered judgment in accordance with the verdict. In view of this circumstance, and the further circumstance that no complaint is made on this point on appeal, we will not assume that the trial court was ignorant of the law, or that he considered the verdict of the jury to be binding upon him as in law cases.

Even if it be conceded, for purposes of argument, that the trial court treated this cause below as an action at law, the record before us shows no objection to such action by any party, and no complaint is made on appeal. Under such circumstances, the rule stated as follows in Burke v. Smith, 7 Okl. 196, 157 P. 51, is applicable.

"Where the parties treat the action in the court below as one at law on appeal, the case will be treated as one at law by the Supreme Court."

It is also suggested that plaintiffs' petition in this case amounts to a collateral attack upon the order of the county court setting apart the property here concerned as a homestead, which order has become final because unappealed from, as provided in 58 O.S.1961 § 721(4) and 724.

We agree that the order setting apart the homestead property has become final, put we do not agree that plaintiffs' petition amounts to a collateral attack upon it, or that the county court order must be vacated before the district court acquires jurisdiction in this case. The county court order setting apart the homestead amounts to a determination merely that (1) the homestead character attached to the land at the time of the death of the decedent, and (2) that at the time of making the order, the surviving spouse had not waived or abandoned the homestead. The effect of such an order is (1) to forever free the homestead property of claims for debts of the decedent, and expenses and charges of administration, and (2) to postpone or delay the right of the heirs to take possession of the property until the homestead character has ceased to exist.

A collateral attack upon a judgment is an attempt to avoid, defeat or evade it, or deny its force and effect, in some incidental proceeding not authorized by law for the express purpose of attacking it. Continental Gin Co. v. DeBord, 34 Okl. 66, 123 P.2d 159.

Plaintiffs' petition in this case, and the district court judgment entered thereon, is not an attempt to "avoid, defeat or evade" the county court order, or to "deny its force and effect." The property concerned is *still* free of debts of the decedent, and expenses and charges of administration; and the right of the heirs to take possession of the property *has* been delayed. The county court order has therefore been given full force and effect.

The issue tried in the district court was whether, *subsequent to the entering of the county court order*, Mrs. Hixson had, by her conduct, abandoned the homestead. Needless to say, this issue was not presented to, or tried by, the county court.

In Gutensohn v. McGuirt, 194 Okl. 64, 147 P.2d 777, this court held in effect that where, while probate proceedings are pending in the county court, the district court determines heirs under 84 O.S.1961 § 257 et seq., such finding renders the heirship matter res judicata and binding upon the parties, citing Freeman on Judgments, Vol. 2, Sec. 719. In that case we followed the well established rule that where two actions involving the same issues, between the same parties, are pending at the same time in different courts, a final judgment in one will be res judicata, or a bar in the other.

This rule cannot be applied here to make the county court order setting apart the homestead property res judicata and a bar to the action in the district court to determine abandonment of the homestead subsequent to the county court order because, as noted above, the issues are not the same. The homestead character of property is by

definition a temporary thing, and it may be lost in various ways. When or whether it is lost subsequent to a prior order is a new and different issue, regardless of prior adjudications upon the subject.

Whether Mrs. Hixson may recover any part of the mortgage payments made by her during the time she held the property as homestead, and whether she is accountable for any income from the homestead after abandonment, are not issues in this case as presented and we express no opinion thereon.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON and BERRY, JJ., concur.

IRWIN, J., concurs in result.

WELCH, HALLEY and JOHNSON, JJ., dissent.

HALLEY, Justice (dissenting).

I cannot agree with the majority opinion. In the first place the case of Dowell, Adm'r v. Powers, Okl., 357 P.2d 954, controls here. The first paragraph of the syllabus in that case is as follows:

"Where administration proceedings in the estates of deceased persons are pending in a county court having jurisdiction of the settlement thereof, and it appears that there are unpaid claims properly pending before such court awaiting approval or rejection and if approved, the amounts thereof to be determined by such court and it further appears that the sale of the real property belonging to such estates will probably be required in order to obtain funds to pay such claims, upon timely objection made, the judge of the district court may properly be prohibited from partitioning such realty in an action brought under 84 O.S.1951 § 257, even though the death of such decedent

occurred more than three years prior to the filing of such district court action."

The evidence in the foregoing case showed that there were unpaid claims. The same is true in the case at bar. Mrs. Hixson put in a claim for twenty-six hundred dollars for money she advanced her husband Cook to pay on the farm and this claim has not been satisfied.

The majority opinion takes the position that the homestead would never be liable for the debts of the estate. In my opinion this is unsound. If Mrs. Hixson did actually abandon the homestead set aside to her by the County Court of Washita County or relinquished her homestead right, she would still have the right to prosecute her claim for the money she advanced her husband. To me the case of Irwin v. Irwin, 192 Okl. 334, 136 P.2d 940, is helpful. There are many points of similarity between that case and the case at bar. The husband owned a tract of land. He died leaving a widow and three adult children by a former marriage. The decedent was indebted to his wife in the sum of $1,017.00. The land was set aside to the widow as a homestead. She later relinquished her claim to the homestead and sought to collect the money due her from the sale of the homestead. This she was allowed to do. Her claim had been allowed against the estate. In the case at bar the claim is still pending. At least there is nothing to show the contrary. We said in this Irwin case, supra:

"A widow may waive her probate homestead right during the course of administration and after an order has been made by the County Court approving her use or occupancy of the property as a homestead."

In the case at bar clearly the widow is entitled to have her claims against her husband's estate adjudicated and assets of the estate should be devoted to paying such claims.

When the land is no longer the homestead it may be sold in the county court to pay debts of the estate.

The county court was the proper tribunal to settle the estate if the homestead no longer existed. The district court could properly determine the heirs but in my opinion it would be improper for it to partition and distribute the land while the proceedings were still pending in the county court.

I dissent.